Good morning and let's start with the Carter vs. City of Alton handoff. Council, please proceed. Three against one? I am out of it here. Your honors, may it please the court, this is a case of a fee that is charged by the city of Alton. There are four cases here, as you probably read in all of our briefs, there are four cases that were filed on behalf of four individuals, one against the city of Alton, the city of Collinsville, the city of Granite City, and the city of Edwardsville. The municipalities all have a very similar ordinance that was enacted in the last eight years or so that provides that if a person is charged with a certain number of offenses, any of those number of offenses, and in these particular four cases they're DUIs. If a person is charged with a DUI, the city can basically charge an administrative fee for that person to get their car out of the towing facility because the car is obviously towed when the person is arrested for a DUI. These fees are paid to the city. The city writes a receipt to the individual, the individual takes that receipt down to the tow yard, pays the tow yard for the towing fee and the storage, depending on, the fees are depending on how long the car is there and what the tow yard charges for their towing services. This administrative fee was basically enacted as a fee to incur revenue, basically. It's a $500. It's tax. Well, they don't term it a tax, but it could be considered a tax. However, a tax, as you know, has to be uniform, similarly situated people, although these are all people who have been arrested and their car taken away for some purpose or another for illegal activity. They term it a fee. There is a substantial, and that is the crux of this case, is that this is not a penalty, a fine, or a tax. This is a fee, an administrative fee. Because it's an administrative fee, it has to be rationally related to what it's trying to do, what this ordinance is trying to achieve. It can't be burdensome, it can't be, it has to, basically it has to pass the test that the courts have in the past have set up for it. If it's a sanction, if it's a tax, if it's a fine or a penalty from a criminal case, the cities, the state, they're basically have free reign to charge what they want. You want to charge a fine of $10,000 for DUI, you know, that's something that they could do. The fees now, the charge is now approximately $1,000. However, when you're talking about a fee, it has to bear a rational relationship. It has to pass that test. Is this, is this rationally related to what it is intended to do? It is a fee, and I know that council opposed my argument that it's basically a fee to write a receipt. But in essence, it is $300 to $500 to write, for the clerk of the city, to write a receipt, give it to the individual who owns the car, to take down to the tow yard to get their car out of storage. The city of Alton provided an attachment to their motion to dismiss back at the circuit court level, it's page 66, C66. The vehicle tow release, they went through their analysis of what it costs for a DUI, what the city incurs as costs for a DUI when they arrest someone for a DUI. The total is $414. But that includes the officer's time, the jail time, city hall tow deposit, prisoner housing, all of these different things that we as taxpayers pay for. We pay for the city to employ police officers to do their job. Could the driver have a passenger in the car and let them drive it? Thankfully, since I've never gotten a DUI, I don't know that answer off the top of my head. But yes, I believe that if there is a sober passenger in the car and the driver is arrested, they would let the passenger leave with that vehicle. And would it have $300, $500 for that or not? All right, there would not be, if the car is not towed, then there wouldn't be that release fee. Correct. The vehicle tow release on page 66 states that it is office supplies times 45 minutes and $23.11. Now, we don't know this because we were not allowed to do discovery. Judge Chapman dismissed this case before we were allowed to do discovery. We don't honestly know whether this fee is reasonable because there hasn't been discovery done on this case. But I report to you that because the legislature gave us the lowest constitutional standard on this, on an ordinance and a fee, whether it's rationally related to what it's intended to do, $500 or $300 is not rationally related. This is not a tax. You can't call it a tax, but it is a tax. It's a penalty. You get a DUI and you have to pay the city $500 to get that receipt to get your car out of tow. But the penalties don't come from the city. They come from when you go to court. Because for every DUI, and again, this is discovery that we haven't been able to complete, but doing DUI work, when you are charged or when you plead or have a finding or have a trial and are found guilty of a DUI, your fines are upwards of over $1,000. Thirty-five percent of that goes back to the arresting agency to recoup their costs for the arrest of the DUI. There's also something called an LEA, which is Law Enforcement Assessment. Every municipality in Illinois gets an assessment of $500 for every DUI that is either pled out or the person is found guilty. That is also to recoup the cost of the DUI. This is an administrative fee. And if you look at administrative fees, in any type of situation that is charged, it's like, for instance, the vehicle tow release. The fee is $23.11. But the City of Alton charges, and I'm just using the City of Alton because they are the only ones we've gotten the breakdown on as far as how much they believe the DUI costs the city. It's $23.11 for that fee, yet they're charging $500 for it. And I would like to point out as well, the DUI does cost the city money for the officer, you know, arresting, driving his police car back. But isn't that what we pay our taxes for, to have police officers on duty? The police officers don't work per DUI or per arrest and get paid a portion of, you know, get paid for what they do on that particular case. They get paid as a salary for being a police officer, and that's what our tax dollars go for. So, again, these are fees that are supposed to be rationally related to what the work is that's being done, writing a receipt. And again, I don't know whether there could be more involved in that because we weren't allowed to do discovery on this case. It was dismissed before we even know whether it was rationally related. I submit to you that it's not, and in the scheme of my imagination, how it can be rationally related. Because if we are not allowed to litigate this issue and prove whether or not it's rationally related to what it's supposed to be doing, then there's never a case that you could challenge a municipality for a fee that they put on something. It could be a $5,000 fee. You know, they need more money in the Congress for road work or something like that. This money goes to a special account, and they can charge anything and say it's rationally related because we want to do this. We want to deter this. But when you get into that argument, it turns into a penalty or a fine. You're penalizing the person for getting that DUI, basically. And a penalty cannot be – they are not charging this as a penalty. They are charging this as a fee, which apples and oranges with respect to fees and fines. All of the cities in their ordinance have enacted this as partial reimbursement to the city for the time of the officer, resources spent regarding the seizure, impoundment, and release of the vehicle. That sounds good on paper, but they are not releasing the vehicle. They're writing that receipt to give to the person so that person can go and get the vehicle released. They're not impounding the vehicle. That's the tow yard that does that. Yes, the officer is compensated for his time and resources of arresting the individual. But, again, I submit that's his pay. That's what his pay is for is to do his job, which would be arrest individuals who are driving or the influence of anything or driving with weapons, things like that. And if you look at the briefs filed, all of the briefs submitted by the defendants cite cases which state that $500, $1,000, whatever it may be, is okay. It's okay to do. All of those cases, though, are criminal cases where they were all listed as fines, penalties. Ratliff, which the trial court relied on heavily, the court found it was a sanction, a $500 sanction for the individual's crime. Same thing with Jarden. Jarden was also used by the defendants. Jarden, we're not arguing the imposition of a fine or a penalty when you're in the circuit court level. This is an administrative fee by the city. That's different than what Jarden intended or decided that you cannot or that you can impose a fine or a penalty. The same thing, well, Lexus GS300 dealt with the forfeiture of a vehicle. Forfeiture is very different than towing and impoundment. The forfeiture of a vehicle, you don't get it back. The impoundment of a vehicle, you get back when you pay for the services of the towing and the impoundment. The forfeiture, you have to litigate in court to determine whether you will get that car back based on, you know, what was found inside, et cetera. I could go through every IV Jackson. I could go through all of these. They were penalties, fines. One was a tax. None of them were fees, which is the distinction that we are trying to make here, that you can't charge a fee that isn't rationally related. Are there any questions? I don't believe so. Thank you, counsel. Let's see. Appellees, we've got divided into three sets of times. Mr. Shrimp, first of all, for City of Alton. Is that correct? All right. Please proceed. So you've got 10 minutes. Collinsville's got five minutes. And Edwardsville, Granite City's got five minutes. All right. May it please the court. In appearing here today, I'm representing only the interests of the City of Alton. As the court has noted, we will divide our time as outlined by the court. Plaintiff's complaint presents a facial constitutional challenge to the ordinance of the City of Alton. In the final analysis and in the oral argument just presented, it is clear that really the only argument plaintiff tries to present is that the fee is excessive. There's no argument about the substantial relationship or governmental interest. Those things appear to be not raised or weighed. In the trial in this case, the Honorable Judge Thomas Chapman, I think it's fair to say, made it clear in a series of hearings that he held on our motion to dismiss that had he been in the legislature or the city councils, he may not have voted for this ordinance. He, however, also recognized his duty as a judge was not to determine whether this was a good public policy, but to determine whether it was unconstitutional. Judge Chapman did a great deal of his own research in trying to determine whether there was an argument to be sustained that, in fact, the ordinance was unconstitutional. The detailed order that he wrote was largely his own research. As stated by Judge Chapman, to prevail, the plaintiffs must show that there is no set of circumstances under which the challenged ordinances might be applied in a manner that is improper and not within the appropriate legislative authority they have. All these cities were home rule authorities. That argument apparently is not being made, but in case it were to be made, as our briefs note, the state of Illinois specifically passed a statute authorizing the very fees that are now in contention. This was done after the home rule communities, in this case, adopted their ordinances. It was effective, I believe, January 1st of 2012. Ordinances do not violate substantive due process protection if it bears a rational relationship to a legitimate governmental purpose and is neither arbitrary or discriminatory. A rational relationship exists if, to some degree, the challenged legislation tends to prevent some offense or evil or to promote public health, moral safety, and welfare. Judge Chapman goes on to cite the various Illinois cases that have already ruled and similar cases of impoundment or forfeitures which are non-criminal but related to criminal offenses. Could Alden have a fee for $1,000 or $2,000? We spent a lot of time in the trial court discussing that hypothetical, Your Honor. I think it is true that there is a number at which it would be facially subject to challenge. Let's pick a silly number, $500,000. Or how about $500,000? Well, at $500,000 you turn to Radcliffe, the Radcliffe case. The Radcliffe case does a very good analysis of the $500 one. And it not only does it go through the possibilities, the circumstances that could exist, for example, a DUI suspect who crashes into a light standard, and to impound that car is going to require not only an officer on the scene but probably multiple officers directing traffic, dealing with traffic concerns over an extended period of time, public works people being called out to perhaps put up new signage, new barriers, etc., all related to that time and during which the car is being dealt with. The inventorying of the car, that has to be done as a standard part of an impoundment. Who does that? Excuse me, but the impounding fee is separate, correct? No. So it doesn't matter? What we're talking about is the impoundment, the administrative impoundment fee. The actual amount charged by the... City. No, I'm talking about whoever is actually... Oh, the towing company? The towing company. Yes, Your Honor. They don't refer to that as an impoundment fee. That is their fee to put the hook on the car and haul it away. That's their tow fee. They also will be charging a storage fee, depending on how long it takes the owner to retrieve his car. What I'm not understanding, then, is why is the impounding fee, why does it continue to add up with the daily? It does not. It does not. I misunderstood. It is a one-time charge related to individuals who have committed particular criminal conduct in an automobile that results in the city having to order a tow company to come pick up the car and take it away. Why would that be different than in the situation we're talking about if somebody damaged a light post? I use that as an example of where it might be a very complicated situation. And in a facial challenge, I use that example because if there's any circumstance by which it is reasonable to try to say that the fee of $500 would be a reasonable fee for the multiple police officers' time, the public works people's time, the administration back at the police station of the paperwork, it's not merely issuing a receipt. Again, when you're talking about the police officers' time, is that a fee, then? Oh, it is a fee. And Judge Chapman and his work. Their time that they're compensated? Well, the police officer does not get the fee. Well, I understand that. What I'm saying is there is the concept of getting kind of double, you're double dipping in that the taxpayer is also paying for those officers' time. Absolutely. And they recoup some of that taxpayer money from the person who creates the problem that ties up officers sometimes for hours, mobile officers. That officer, if he's not at that scene dealing with an impoundment of a vehicle by, let's say, the drunk driver, he's doing something hopefully more productive for his municipality. Or if not, perhaps the city of Alton doesn't have to have 12 officers on duty that night. They could have had 10. So the cost savings, the passing on of, in effect, a user fee is something that is happening more and more within municipalities. And has been specifically endorsed in the cases that we cited in our brief. The Illinois Supreme Court case of the one GMC, that's a forfeiture. It doesn't matter if you're driving a $200,000 Maserati or a $500 Hugo, you could lose your car. But the best case, again, is the Ratcliffe case that is exactly on point. Judge Shapman does a good point of pointing out that it doesn't matter whether you label these charges. You can label it as a fine, a fee, or a tax. The analysis has to be, why does the ordinance call for this? Not what plaintiff or someone else wants to say is the reason behind the ordinance. What does the ordinance say on its face is the reason for this? And, lost that train of thought. What, you know, the important thing is not the title, it's not the label. It's what does it do? What is its purpose? How does it work? We believe that the ordinances of the city of Alton certainly can stand up against a facial challenge. There are circumstances, easily imaginable, where the $500 fee is rationally related. The Ratcliffe case even goes on to point out, one of the things that a fee like this does, hopefully, is have a beneficial effect, perhaps as a deterrent. It saves society. Like all fees that might be charged, when you're trying to charge some fee to regulate activity, part of that is sometimes trying to lessen that activity. Or to say we don't need that much in our society. Societal cost is an appropriate factor for the court to consider when they look at should it be $500 or should it be $600 and where do you draw the line? I think there's a line. What about the fact that Ms. Polonsky tries to differentiate between a fee and a fine, and I think Ratcliffe dealt with the fine. It did, but again, that's addressed in Judge Chapman's order, very well reasoned, that a label doesn't make the difference. The cities can call these things different things. If we called it a fine or a fee, it doesn't matter. You have to look at what does it do, what is it intended to do, what is its purpose. And you think Ratcliffe stands for that? Oh, absolutely. Ratcliffe could not be more on point, and it specifically fines a $500 empowerment fee exactly like the ones it issued with stands of facial challenge. All right, thank you. Mr. Giacoletto, on behalf of the city of Collinsville. Did I pronounce your name correctly? You did, you pronounced it the Italian way, actually, so yes. I'm also the Americanized version of it, so I think you may please support it. Perhaps take this discussion in a different angle. The way I see this is a marriage here, and the marriage I'm talking about is we have some cases back in the late 90s, the job powers, the Ratcliffe case, 99-96, three different jurisdictions, one federal, of course. And then we have the Empowerment Administrative Fee Act, as I call it. It's on page 815 of my appendix. And that's the Act. I know it applies to non-home-grown communities, but that's where the legislator basically came out and said, all right, communities, you can do this type of thing, and here's why, and here are the things that you can recoup expenses for. And you basically have had a reasonable fee, but they don't give you any help on what reasonable is. But I think that's where the marriage I'm talking about here, and that's what this case is about, because it's the first one that I'm aware of that really comes after all these late 1990 cases. The Administrative Fee Act case. And whether this case is going to be the marriage of those cases and this statute. You basically have the statute with the legislator saying, okay, you can't have this thing, this administrative fee for these purposes. And now you have these old cases that basically said, well, to do these things, whether you call them fee, fines, taxes, it doesn't really matter. When you're doing these things by the police and pounding cars, taking care of them, going through all the paperwork, we're not counting stories, we're not counting coin on these. We're going to let these cases say, yes, the police, you can charge $500 to do all these activities. However you want to paraphrase them or call them. But now what we don't have until this case is that gap. And is this case going to be the marriage, or is that gap between the logic of these cases that basically say $500 and even one of them says $1,000 is okay? The $1,000? You know, it was the Ida Jackson case, which a little bit later, maybe a little bit different analysis, but they had $1,000 going on now in the city of Chicago. I don't know if it's Chicago and it's inflation, but they're up to $1,000. So is this case going to be the marriage or bridge that gap? And I would say that it makes all the logical sense from the plaintiffs. We have a statute, we have the cases, and we just need a case now to put the two together. And this one is that that says, okay, yes, you can do $500 for these type of things. But is that an argument for discovery to show that it has to be reasonable? Actually, a good point, and that's the next thing I was about to bring up. I think we, no, I don't think discovery is needed because, one, this is a facial challenge case. I understand that. And we all know what that means. But we can do discovery for the next two years, and whatever the discovery produces, whatever it does, we're going to come back to it with the same question to you all. It's $500 going to be a reasonable number. But you can't just pull $500 out of the air. I mean, it has to relate to something objective. But I would say when you read these cases, they don't do that for you. Well, then why isn't $5,000 reasonable? Well, I don't know why $5,000 isn't. I mean, obviously, I guess you reach a point where, okay, that is too much, and that just is obscene in many ways. Does that show kind of the fallacy in the whole assumption? I don't know that if I didn't have these cases backing me up saying $500 and even $1,000, I don't know that I would be standing before you making the argument that I am, making the bridge argument. So to me, if we were here with $5,000, I think discovery wouldn't be necessary. But I think when there's case law that says on these type of cases, and they do address the DUIs, the burglaries, using vehicles. In these type of cases, back in the 1990s, even $500 was reasonable. Courts say that. How much is not reasonable then? Is $100 only reasonable? Is it $200? I think, again, it comes down to these cases already saying $500, and at least based on the facial channels that we're talking about, is there any circumstance that this would be constitutional? And I think certainly the answer is going to be yes. Based on the case law involved, $500 is reasonable. And on that basis, the plaintiffs have to fail. I mean, otherwise, I guess the other end of the logic is if you take the plaintiff's side of this case, your opinion may somewhat be at odds with a couple of different districts, which is obviously not necessarily a bad thing. But I don't know that this is the case with the gaps in the logic of this, that it's one that the Supreme Court would need to decide. I think this Court can bridge that gap, make that marriage happen. Thank you. Mr. Paulson? I have a case for the Court of Counsel. I represent Edwardsville and Granite City. Now, Edwardsville's fee is $300. But I think we're getting caught up on this $300-$500 thing. This is officially challenging the ordinances. And by implication, basically, if you find that the trial code was wrong in granting our motion to dismiss, you're basically going to be overturning a state statute that was passed that became effective in 2012. Now, I heard the argument, well, isn't this just an add-on or a double tax? I'm assuming all three of you here get a check from the state of Illinois for your time. So why do I pay a filing fee to have to be in front of you? There's costs that you're collecting. Same with the trial court. They get their paychecks. The judges get their paychecks from the state. But I have to pay $200-$300 to file a lawsuit. Am I getting double taxed because I've already paid the state tax? I paid 6% out of my paycheck. No, these are allowed. There's so many examples of these types of fees being constitutional. It's the burden of the plaintiff to show there's no set of circumstances that exist where this $300-$500 fee could be constitutional. I think it's clear. And don't they do that through discovery? You don't need discovery. You find out that there's a $300-$500 fee that's being charged, which is in the ordinances. And there's sets of circumstances that the court obviously knows. I mean, we've talked about it. I mean, neither the plaintiff has admitted that $500 might be constitutional under some circumstances. So if it might be, that's good enough under the law. If there's some circumstance where the fee could be constitutional, then on a facial challenge, you have to find that the ordinance is constitutional. It could be any circumstance, unless it's Trump indicating. You have a DUI, a real bad accident. Maybe you have two cars involved or three cars. You have multiple officers. You've got fire personnel. You've got a lot of times a municipal ambulance or fire service that comes out to do first aid. You've got cleanup crews for glass and maybe replacing or putting up temporary signs that got knocked over. There's plenty of instances where you can imagine that the cost to a municipality for one DUI would far exceed that $500 administrative fee. So I think we're getting hung up on this $300 to $500. I don't think that matters. I think it's clear that this is a facial challenge. The plaintiff's even admitted $500 might be reasonable. And there's plenty of cases out there that say $1,000 is reasonable. And like Mr. Trump said, that was back in the 90s. I don't necessarily personally like this impoundment fee. But I think it's totally constitutional. And I don't see how this court can overturn the trial court without, I mean, I just think it's clear. And if you would reverse the trial court, you're going to be also finding that the 625 ILCS 5 slash 11 is also unconstitutional because that is the legislation that allows for the impoundment fee. Thank you. Thank you. Rebuttal. First and foremost, I did not say that there was this statute or these ordinances could be constitutional. I don't see any set of circumstances or facts that would say that $300 or $500 is rationally related to what the ordinance is to do. It is the tow, or not tow fee, it's for basically what discovery would let us find out is it's to write that receipt. If we find out more, then we find out more. But they're arguing that there is a number where it's invalid. Any number is invalid if it's not rationally related to what it's set out to do. And this is a release fee. It's to release the car from towing or from the towing facility. They're saying it can be much more than that under the case law. Correct. What those cases dealt with were different things. First of all, those were criminal opinions and not civil opinions. And it's whether or not the fines imposed on the defendant for the criminal behavior was okay. This is a civil matter. This is an administrative fee. And again, going back to what counsel said, we pay a filing fee here. Yes, we do. That's for administrative things. That's for the paperwork. That's for filing. We have employees that work here. It's not just your honors that work here that are paid by taxpayer salaries. We have other people that are not. That's what those fees go to. We also have, when someone is charged with a DUI and they plead guilty or are found guilty, they have to pay a fine. They have to pay the clerk's office. A portion of that money goes to pay the clerk fees. You know, their salaries, the paperwork, all of that. Some of that money goes back to the arresting agency to reimburse them for their time and efforts in that. Same thing with an ambulance, with a fire department. That's what taxpayer's money goes for. It doesn't go for them to sit there. They just be cut. Well, I take that back. Sorry. When there is an accident, for instance, using the example of the light post, when someone hits a light post, those are part of the fines and costs or what we call reimbursement in criminal court. The defendant is ordered to basically reimburse whatever costs are incurred because of their actions. The administrative tow fee doesn't go to make that light pole get back up there. That would be the electric company's money that's expended on that. And that's where the reimbursement goes to the victims. Do your clients have to pay the fee at that time? They pay that fee after they are released from jail on their DUI. If they want to get their car back, they go to the city office, pay the money, get the receipt. Then they take that receipt down to the tow yard and pay the tow yard for the towing and the storage. And then they get their car. They do that. I would assume most people would do that as soon as they're released from jail. Give them $500 and then go to the tow yard and get whatever, a couple hundred dollars there to get the car back. Right, depending on how long the time is there. That's correct. Most of them now, I've learned, are close to $500 as well when you're arrested if it's there for a day or two. The court's order, although in my opinion it was very confusing and I'm going to have to have them explain it to me because I didn't understand all of his order. Page by page, I got what he was arguing about. But he went very far off the beaten path here, which is in a fictional challenge. Can this $300 for the city of Edwardsville or $500 for the other municipalities, can that be reasonable? No. There are no set of circumstances because we have the fines, we have the penalties. All of the arguments that the counsel are making that this $500 is going to go to the police, I'm sorry, the fire department. There's those fees, there's the electric company, all of that. That's already established. That's already the deterrent when you get to DUI and you get charged the fines and you have to make the victims whole by the reimbursement to them of any penalties or any accident or damages that you've caused. Again, there are no set of circumstances that $300 or $500 can be reasonable or rationally related to what this ordinance does, which is allow the person to go down to the tow yard and get the car. So you don't think Rat Lift should be applied? No. Rat Lift is different. It was a double jeopardy argument as well as a penalty. And I know that they've argued that it shouldn't matter what it's called, but the penalty is in the criminal case. That was in the criminal case. The fees or the fines, I'm sorry, the fines in that case were set up not to get your car out of income. You can go ahead and finish that thought. Not to get your car out of income as much as it was a fine for the DUI. Thank you, counsel. We will take this case under advisement.